**C. E. OLIVER, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 6775.

Court of Civil Appeals of Texas.

Beaumont.

June 10, 1965.

Barber & Seale, Jasper, for appellant.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellee.

STEPHENSON, Justice.

This is a compensation suit. Judgment was rendered for plaintiff based upon a jury verdict finding 16 weeks of total incapacity and no partial incapacity. Plaintiff has brought this appeal. The parties will be referred to here as they were in the trial court.

Plaintiff first contends that it was error for counsel for defendant to infer that plaintiff's son was illegitimate. Plaintiff alleged manifest hardship and prayed for a lump sum settlement. On direct examination plaintiff testified: He was a single man; he had been married and divorced and had one son age 17; he sent his son money while he was working. On cross examination plaintiff gave the following testimony:

"Q. All right. Mr. Oliver, that divorce was. granted here in this Court, was it not?

A. It was " granted right here in Jasper County.

Q. And isn't it a fact the divorce papers in that case says that there

were no children born to that marriage, isn't that right.

A. That's right.

Q. Said no children born to the marriage? You didn't have any children?

A. He's the only son that I have ever had."

It is this testimony plaintiff complains of as inferring that plaintiff's son was illegitimate. No objection was made, and no instruction by the court was requested. The matter was first raised on motion for new trial.

The record shows that defendant made a bill of exception which showed that plaintiff had married and divorced the same lady twice. This bill further showed that there were no children born at the time of the first divorce, but the second decree showed there was a child and plaintiff was ordered to pay $25.00 per month child support. These matters were offered in evidence and the court ruled that the judgment would be admitted in evidence. However, the plaintiff announced that he was waiving his claim of manifest hardship and lump sum, and the court ruled that none of these matters would be admitted in evidence. The admission of the judgment would have cleared up the inference of illegitimacy which plaintiff complains of. Under these circumstances we find no error by the court in overruling plaintiff's motion for new trial.

Plaintiff next complains of certain testimony elicited from plaintiff by counsel for defendant. Plaintiff had testified he had worked for Santa Fe Railroad for ten years, and left the railroad January 18, 1957. On cross-examination this testimony was given:

"Q. Mr. Oliver, isn't it a fact that you say you left the railroad in 1957?

A. 1957.

Q. Well, Mr. Oliver, weren't you in jail from 1954 up to 1957?

A. I ain't never been in jail in my life.

Q. You've never had any convictions for second offense DWI here in in this courthouse, Mr. Oliver?

A. No, sir.

Q. You know any other C. E. Oliver in Jasper County?

A. No, I don't.

Q. You are not the same C. E. Oliver that got three year sentence for second offense DWI here in 1954?

A. No, sir."

Later in the testimony plaintiff testified he had a brother named E. C. Oliver. On re-cross examination he testified his brother had been convicted of second offense DWI. Plaintiff then called the District Clerk who testified that she found no record of a criminal case filed against C. E. Oliver, but found the case styled The State of Texas v. E. C. Oliver, with the charge, driving while intoxicated, second offense. No objection was made by counsel for plaintiff and no instruction by the court was requested. This point was first raised on motion for new trial.

 It would not have been proper for the defendant to prove that plaintiff had been convicted of the offense of driving while intoxicated second offense for impeachment purposes. Compton v. Jay, (Tex.) Vol. 8 Texas Supreme Court Journal, page 365. However, the evidence shows that plaintiff was not convicted of such offense and the Compton v. Jay Case, supra, has no application here. Also, it would not have been proper to prove that the plaintiff's brother had been convicted of any offense, as such testimony would have been completely irrelevant to any issue in the case. However, the way this matter developed and the similarity in the name

of plaintiff and his brother indicates it was better from plaintiff's standpoint that the matter be cleared up. It appears that counsel for plaintiff must have thought so at the time, as no objection was made to the question as to whether the brother had been convicted of the offense. We find no reversible error in the admission of the testimony under the circumstances in this case.

■ Plaintiff complains of a portion of the jury argument of counsel for defendant as appealing to the self-interest of the jurors. The objectionable portion of the argument was as follows:

"Jasper County is an old historic county. People never gave people things they weren't entitled to and people don't ask over here in Jasper County for things that they are not entitled to. This lawsuit is important. It's important to Mr. Oliver, it's important to my client, but most of all it's important to you as citizens of this community—————. Lawsuits are going on every day in courthouses across the State and across this nation. So long as jurors conscientiously decide verdicts and listen to the evidence and the law as given them by the Court, our way of life will be preserved and our property will be preserved and our homes and money will be preserved and our children will be secure without somebody taking them away from us. But once jurors in this County and other counties disregard the evidence and decide cases on something other than the evidence, on sympathy, some other source, then no one is—————. Anyone can be sued. You could be hauled down here in court and take your property away and evidence will be produced and the jury will go into the jury room and decide who gets it. If a jury goes in there and decides the case on something other than the evidence, then I'm not secure, you're not secure and your community is not

secure. Be Fair to C. E. Oliver, be fair to my client, but most of all be fair to yourselves. When you walk out of that jury room and have rendered your verdict, you render a verdict that you can go out here on the street and tell your best friend all of the evidence that you heard in this case, and that which you didn't hear, and tell them what verdict you rendered and be proud of it. You will have rendered a true and conscientious verdict. But if you can't walk out of this jury room and face your best friend on the street and tell them this is the evidence that we heard and this is what we did, you haven't decided this case by a preponderance of the evidence. Be proud of your verdict, ladies and gentlemen, and you will have a fine community, as other jurors will do as they —————. Thank you very much for your very kind attention."

We do not so interpret the import of this argument. The appeal in such argument is for the jurors to decide the case according to the law and the evidence. There is no indication that a judgment for plaintiff would cost the jurors anything, such as in a condemnation suit where their tax money would be spent, a trespass to try title suit where their home would be affected or any similar situation in which the jurors personally would be involved. We find nothing improper in such argument. No objection was made by counsel for plaintiff to this argument. The matter was first raised on motion for new trial. Even conceding the argument to be improper, we do not regard it as being beyond correction by means of a proper instruction. Younger Brothers, Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546. The points are overruled.

The opinion rendered in this cause on the 13th day of May, 1965, is withdrawn and this opinion will be substituted for the original.

Judgment is affirmed.